**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BOARD OF TRUSTEES OF THE PLUMBERS,
PIPEFITTERS & MECHANICAL EQUIPMENT
SERVICE, LOCAL UNION NO. 392 PENSION
FUND et al.,

        Plaintiffs,

v.

KENNETH R. ROGERS PLUMBING AND
HEATING COMPANY, INC., et al.,

        Defendants.

Case No. 1:10-cv-721

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiffs initiated this litigation on October 18, 2010, alleging that Defendants have failed to file monthly reports and make contributions to two Trust funds, and to make certain "check-off deductions" as required by the terms of a Collective Bargaining Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2). Plaintiffs further allege that Defendants are in breach of a post-judgment agreement in related litigation involving the same parties, Civil Action No. 1:09-cv-748-MRB.

    On December 9, 2010, on Plaintiffs' application, the Clerk of Court filed an entry of default against three Defendants: Kenneth R. Rogers Plumbing and Heating Co., Inc., Rogers Plumbing and Mechanical, LLC, and Jason Rogers, based upon those Defendants' failure to answer or otherwise plead. On December 15, 2010, Plaintiffs moved for entry of default judgment against the same Defendants (Doc. 15), based upon the same failure to plead.

On January 5, 2011, Defendants filed a response to the motion for default judgment. Defendants' response presents several defenses to entry of default judgment and to this litigation as a whole, including an argument that any remedies should have been (or should be) pursued through post-judgment motions filed in Civil Action No. 1:09-cv-748 rather than new litigation. Although Plaintiffs filed no reply to Defendants' response, the record reflects that on January 5, 2011, counsel entered an appearance for the three Defendants. On January 14, 2011, Defendants filed an answer to the complaint. Among other defenses presented in the answer and response to Plaintiffs' motion for default judgment, two of the three Defendants deny that they are parties to the Collective Bargaining Agreement in question.

On January 24, 2011, Plaintiffs filed a motion to compel production of contribution reports for August, September and October of 2010 from Defendant Rogers Plumbing and Mechanical, LLC (Doc. 21). Plaintiffs' motion requested some of the same relief sought in Plaintiffs' underlying complaint. An expedited telephonic hearing was held on January 31, 2011, following which the court ordered relief to be granted, to the extent that the requested documents exist. (*See* Doc. 22 ).

The Court's Memorandum Order noted that Defendants had not yet moved to set aside the entry of default, despite filing an answer, and that Plaintiffs had likewise failed to withdraw the pending motion for default judgment. The Order stated: "If the pending motion for default judgment is moot, Plaintiffs shall withdraw that motion on or before **February 10, 2011**. If not withdrawn by the specified date, the court will review the motion on the merits." (*Id.*).

Neither party has filed any motion concerning the prior entry of default or the pending motion for entry of default judgment.  Having reviewed the record in this case, however, I conclude that Plaintiffs' motion should be denied because it was based exclusively on Defendants' failure to timely answer.  Defendants filed a belated answer on January 14, 2011 without objection.  Moreover, some of the relief sought through entry of default judgment (contribution reports for August, September and October 2010) has already been provided to Plaintiffs through the January 31, 2011 Memorandum Order, so Plaintiffs appear unlikely to be prejudiced if default judgment is denied.  Last but not least, Defendants' response to Plaintiffs' motion for default judgment presents several meritorious defenses that deserve further development in the record.  *See generally, United States v. $22,050.00 in U.S. Currency*. 595 F.3d 318 (6th Cir. 2010)(noting permissive stance in setting aside defaults, including review of meritorious defenses).

Accordingly, **IT IS RECOMMENDED THAT:**

1. The Clerks' entry of default (Doc. 14) be **VACATED**; and that

2. Plaintiffs' motion for default judgment (Doc. 15) be **DENIED.**


     *s/ Stephanie K. Bowman*
     Stephanie K. Bowman
     United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BOARD OF TRUSTEES OF THE PLUMBERS,
PIPEFITTERS & MECHANICAL EQUIPMENT
SERVICE, LOCAL UNION NO. 392 PENSION
FUND et al.,

    Plaintiffs,

v.

KENNETH R. ROGERS PLUMBING AND
HEATING COMPANY, INC., et al.,

    Defendants.

Case No. 1:10-cv-721

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).