**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND et al., | Case No. 1:10-cv-721 |
| Plaintiffs, | Dlott, J. Bowman, M.J. |
| v. | |
| KENNETH R. ROGERS PLUMBING AND HEATING COMPANY, INC., et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this case has been referred to the undersigned magistrate judge for preliminary consideration and a Report and Recommendation (R&R) concerning the Plaintiffs' pending motion for judgment on the pleadings. *See* 28 U.S.C. §636(b)(1).

**I. Background**

Plaintiffs initiated this litigation on October 18, 2010, alleging that the three named Defendants have failed to file monthly reports and make contributions to two Trust funds, and to make certain "check-off deductions" as required by the terms of a Collective Bargaining Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2). Plaintiffs further allege that Defendants are in breach of a post-judgment agreement in related litigation involving the same parties, Civil Action No. 1:09-cv-748-MRB.

Since initiation of this lawsuit, this case has proceeded in halting fashion.

Defendants initially proceeded *pro se*, then briefly obtained counsel, and currently proceed *pro se* again. As a result of several procedural anomalies, no Rule 26(f) report or scheduling order have ever been filed.

Shortly after litigation was initiated (when Defendants were unrepresented), the Clerk of Court filed an entry of default against all three Defendants: Kenneth R. Rogers Plumbing and Heating Co., Inc. ("Rogers Plumbing"), Rogers Plumbing and Mechanical, LLC ("Rogers Mechanical"), and Jason Rogers, based upon the Defendants' failure to answer or otherwise plead. On December 15, 2010, Plaintiffs moved for entry of default judgment (Doc. 15), based upon the same failure to plead.

On January 5, 2011, counsel entered an appearance for all three Defendants and Defendants filed a response to the motion for default judgment. Defendants' response presented several defenses to entry of default judgment and to the litigation as a whole, including an argument that any remedies should have been (or should be) pursued through post-judgment motions filed in Civil Action No. 1:09-cv-748 rather than through new litigation. Plaintiffs filed no reply to Defendants' response. On January 14, 2011, Defendants filed an answer to the complaint. Among other defenses presented in the answer and response to Plaintiffs' motion for default judgment, two of the three Defendants denied that they are parties to the Collective Bargaining Agreement ("CBA") out of which the underlying dispute arises.

On January 24, 2011, Plaintiffs filed a motion to compel production of contribution reports for August, September and October of 2010 from both corporate Defendants, Rogers Plumbing and Rogers Mechanical, and from individual Defendant Jason Rogers (Doc. 21). At Plaintiffs' request, an expedited telephonic hearing was held on January 31,

2011, following which the court ordered relief to be granted, to the extent that the requested documents existed. (*See* Doc. 22). Recognizing the validity of an argument made by the defense, the Court expressly noted that Plaintiffs' motion "to compel" could not technically be classified as a motion under Rule 37, Fed. R. Civ. P., since at the time the ostensible "motion to compel" was filed, the Defendants had just filed their answer, no Rule 26(f) report had yet been filed, and "formal discovery has yet to commence." (Doc. 22 at 1). Therefore, the Court construed the Plaintiffs' motion as one seeking expedited discovery under Rule 26(d)(1). (*Id.* at 2). In addition, the Court noted that only one of the three named Defendants, Rogers Plumbing, admitted being a "signatory to the CBA" such that it alone "would have any responsibility for the requested records.[1]" (*Id*. at 2, n.2). Nevertheless, based upon the parties' agreement to work together to help Rogers Plumbing compile Contribution Reports, the Court granted Plaintiffs' construed motion for expedited discovery as to Rogers Plumbing. Specifically, the Court directed that entity alone to "provide the requested documents to the extent that they exist by close of business on January 31, 2011." (*Id*. at 2-3).

The Court subsequently vacated the initial entry of default *sua sponte*, and denied Plaintiffs' motion for entry of default judgment, based upon the fact that Defendants had filed a belated answer that had been accepted by the Court. (Docs. 23, 27). The R&R filed on February 16, 2011 noted as additional grounds for denying the Plaintiffs' motion for default judgment the fact that:

[S]ome of the relief sought through entry of default judgment (contribution

---

[1] Plaintiffs did not challenge that representation for purposes of the motion to compel. (*See* Doc. 22 at 2, n.2)

> reports for August, September and October 2010) has already been provided to Plaintiffs through the January 31, 2011 Memorandum Order, so Plaintiffs appear unlikely to be prejudiced if default judgment is denied. Last but not least, Defendants' response to Plaintiffs' motion for default judgment presents several meritorious defenses that deserve further development in the record. *See generally, United States v. $22,050.00 in U.S. Currency*. 595 F.3d 318 (6th Cir. 2010)(noting permissive stance in setting aside defaults, including review of meritorious defenses).

(Doc. 23 at 3).

Two days after entry of the February 16, 2011 R&R, Plaintiffs alerted the Court to the fact that Defendant Rogers Plumbing had not in fact complied with the Court's prior order to produce the Contribution Reports for August through October 2010. Plaintiffs moved to compel not only those reports, but also a full payroll compliance audit. (Doc. 24). The Court set a "show cause" hearing for March 31, 2011, but on March 10, the issue appeared mooted by the Defendants' agreement to voluntarily proceed with the requested audit. (Doc. 26).

Unfortunately, the agreed-upon audit never occurred. Instead, defense counsel subsequently moved to withdraw, citing their clients' refusal to fully cooperate with the agreed upon audit and insufficient ability to compensate counsel. (Doc. 28). On April 13, 2011, a hearing was held on the motion to withdraw at which the individual Defendant, Jason Rogers, was present. Counsel's motion to withdraw was granted (Doc. 31), but Defendant Rogers was directed to advise the court within 45 days of the status of what was then-represented to be an imminent bankruptcy, or to respond to the pending motion to show cause why Defendants should not be held in contempt for failing to comply with the Court's prior January 31, 2011 order directing Defendant Rogers Plumbing to produce records. When the individual Defendant, Jason Rogers, failed to respond within the forty-

five day period allocated by the Court, the Court directed him to "show cause, in writing, by June 24, 2011, as to why he should not be held in contempt of court for failing to comply with the Court's Order of April 13, 2011 and this Court's Order of January 31, 2011." (Doc. 32).

On June 27, 2011, Plaintiffs filed a motion for judgment on the pleadings under Rule 37(b)(2)(A)(vi), based upon the alleged failure of all three Defendants to comply with the Court's January 31, 2011 order. (Docs. 33, 34). On the same date that Plaintiffs filed their motion for judgment on the pleadings, Defendant Jason Rogers filed a response to the Court's show cause order, explaining that he has tried to find substitute counsel but to no avail. Mr. Rogers also states that he has attempted to find counsel to file bankruptcy on his behalf but that the necessary records are in the possession and/or control of a Receiver, such that the bankruptcy cannot be filed. Defendant's response to the "show cause" order explains numerous personal circumstances of both individual and corporate Defendants that have caused this litigation to remain unresolved, and asks the Court for a referral to mediation if possible. (Doc. 35).

On July 7, 2011, the Court convened a telephonic conference at which both Plaintiffs' counsel and individual Defendant Jason Rogers appeared. The Court reminded Mr. Rogers that either he and/or counsel must respond to the Plaintiffs' pending motion for judgment on the pleadings as to his own liability. The Court also explained to Plaintiff that corporations cannot appear in federal court *pro se*, but can only respond through counsel. The Court concluded the call by stating that if no response was received by any of the three Defendants on or before July 21, 2011, the motion for judgment on the pleadings would stand unopposed and was likely to be granted. (*See* Minute Entry, 7/7/11). On

August 11, 2011, the Court denied the prior motion for order to show cause (Doc. 24) as moot, since the subsequently filed motion for judgment on the pleadings addresses the same matter. (Doc. 40).

**II. Analysis**

Plaintiffs' motion seeks judgment on the pleadings under Rule 12(C), "or in the alternative" judgment under Rule 37 as a sanction against all three Defendants based upon their alleged prior failure to comply with this Court's January 31, 2011 Order. Notwithstanding the lack of any opposition from any of the three unrepresented Defendants, Plaintiffs' motion must be denied on legal grounds.

**A. Motion Under Rule 12(C)**

Plaintiffs first seek judgment on the pleadings under Rule 12(C), Fed. R. Civ. P. based upon the three Defendants' alleged admissions "that they are in breach of the post-judgment agreement." (Doc. 34 at 5). As Plaintiffs concede, Rule 12(C) requires application of the same legal standard used to evaluate a defendant's motion to dismiss under Rule 12(b)(6).[2] Thus, a Court must construe the pleadings in the light most favorable to the non-moving party, making all reasonable inferences in the favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required to accept as true mere legal conclusions unsupported by factual allegations. Rather, a plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.

---

[2] Although Rule 12(C) motions, like motions to dismiss, are much more commonly filed by defendants, the rule permits filing by either party.

2010)(*quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  To obtain judgment on the pleadings, the record must show that "no genuine issue of material fact exists" and Plaintiffs must show they are "entitled to judgment as a matter of law."  *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)(*quoting JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)).

Although not yet linked in the electronic records of this Court, there is no question that the instant case arises directly out of prior litigation in this Court involving the same six Plaintiffs and same two apparently now-defunct corporate entities, Rogers Plumbing and Rogers Mechanical.  *See* Case No. 1:09-cv-748-MRB.  In the prior case, the parties entered into a stipulated final judgment order on July 8, 2010, ultimately approved and filed by the Court on July 15, 2010 (Doc. 19).  The final judgment order, executed by the two corporate entities, declared that the two corporate Defendants were jointly and severally liable for the total sum of $132,905.90, plus any "further relief as the Court may deem just and equitable."  (Doc. 19).

Just after executing the stipulated final judgment order, the two corporate entities plus a non-party to Case No. 09-cv-748, Jason Rogers, executed a "Post Judgment Agreement" (hereinafter "Agreement").  Although the Agreement was never filed of record in Case No. 09-cv-748, it has been filed as an exhibit to the Complaint in this case.[3]  The Agreement purports to obligate the two corporate Defendants plus Jason Rogers, as President of Rogers Plumbing and a Managing Member of Rogers Mechanical, to not only pay the judgment in 1:09-cv-748 by making monthly payments over a two year period, but

---

[3] Under Federal Rule of Civil Procedure Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."

also to submit monthly Contribution Reports.

In addition to seeking to enforce contractual remedies via the parties' Agreement entered in the prior case,[4] Plaintiffs' current complaint includes essentially the allegations that were made in 1:09-cv-748, concerning Defendants' alleged breach of the collective bargaining agreement.  The primary difference between the CBA claims in the two closely related complaints is that in the instant case, Case No. 1:10-cv-721, Plaintiffs have included as an additional Defendant Jason Rogers, and allege that the breach occurred from August through October 2010.  In Case No.1:09-cv-748, Plaintiffs allege that the breach occurred over a different time period in 2009.

Plaintiffs' present motion for a Rule 12(C) judgment cannot be granted against all three Defendants as to the CBA claim, because Plaintiffs' complaint in this case clearly alleges only that Rogers Plumbing was a signatory and therefore bound by the CBA. (*See* Doc. 1, ¶¶1-22).  The Complaint does not allege any liability on the part of Jason Rogers for the alleged CBA violations.  (*Id.*).  Although Rogers Mechanical is briefly referenced in the Complaint, (*see* Doc. 1 at ¶¶23, 25), nowhere does the Complaint explain the liability of Rogers Mechanical as a non-signatory to the CBA.  Defendants expressly deny any liability of Rogers Mechanical in their Answer.  (Doc. 20 at 3, ¶¶ 23, 25; *id*. at 4, ¶ 5).  In opposing Plaintiffs' prior motion for default judgment, Defendants also presented the

---

[4] District Judge Michael R. Barrett was the presiding district judge in Case No. 1:09-cv-748.  Chief District Judge Susan J. Dlott presides over the above-captioned case.  Judge Barrett presided over a judgment debtor exam of Mr. Rogers in April of this year, to the extent that Mr. Rogers- while not a defendant in 1:09-cv-748 - had "signed off to personally guaranty [sic] the post-judgment agreement" in that litigation and payments remained due and owing.  (Doc. 36 at 5).  Judge Barrett expressed some surprise at the concurrent litigation over what appeared to be the same - or at least closely related- litigation.  "And how come I don't have that...?" (Doc. 36 at 8).  Defense counsel in 1:09-cv-748 was unable to enlighten the Court, responding "I don't know" to the Court's query.  (*Id*. at 8).

defense that neither Rogers Mechanical nor Jason Rogers can be held liable for breach of a CBA to which they were not a party.[5] (Doc. 18 at 2).

With respect to Plaintiffs' second claim, breach of the Post Judgment Agreement, all three Defendants have admitted that they signed the referenced Agreement. However, their Answer contains the affirmative defense that they have been "unable to fully perform their contractual obligations due to the actions of the Plaintiffs or some other third parties over whom the Defendants have no control." (Doc. 20 at 4, p 2). Defendants previously presented the same defense in opposing Plaintiffs' first motion for default judgment. (Doc. 18 at 2).

Defendants have taken the position all along that Rogers Plumbing "has no objection to submitting" the requested Contribution Reports for August through October 2010. The defense is based upon Defendants' factual assertion that they cannot submit the Reports without time card records from five former employees about whom the Reports concern, but that information is being "willfully withheld by the former employees." (Doc 18 at 3). As reflected by the parties' prior representations and agreement to work together to produce the Contribution Reports directed in this Court's January 31, 2011 Order, the Defendants explain that no Reports can be made without Plaintiffs' assistance. "Plaintiffs removed these employees from the employ of [Rogers Plumbing]" pursuant to the CBA, and Defendants previously requested that Plaintiffs be required to produce the time cards

---

[5] To the extent that a court reviews materials outside the pleadings, the Sixth Circuit views the denial of a motion for judgment on the pleadings as a denial of a motion for summary judgment. *Northville Downs v. Granholm*, 622 F.3d 579, 585 (6th Cir. 2010). Whether considered as an unopposed motion for judgment on the pleadings or as a motion for summary judgment, in light of this Court's consideration of Defendants' previously filed memorandum in opposition to Plaintiffs' motion for default judgment and exhibits, Plaintiffs' motion cannot be granted because it does not demonstrate the lack of any dispute of material fact or entitlement to judgment as a matter of law.

9

to Defendants because "without the assistance of the Plaintiffs, [Defendant] cannot reasonably comply with the obligation to submit Contribution Reports." (Doc. 18 at 3).

With respect to Plaintiffs' claims for liquidated damages, attorney fees, and costs, Plaintiffs also fail to prove that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. Defendants, in their Answer, contest any such liability on legal grounds (see Doc. 20 at 2-3, ¶¶ 16-17). Defendants further argue that, with respect to any amounts due once the three requested Contribution Reports are submitted, "discovery is appropriate to determine the circumstances under which the time cards were withheld, as any claim for liquidated damages should not be awarded if the employees willfully or improperly refused to submit the same and thereby made the task impossible for the company to timely submit Contribution Reports." (Doc. 18 at 4). Defendants make the same argument concerning any claim for attorney fees. (*Id.*).

In addition, Defendants contend that they have "either paid money and/or are entitled to a credit....sufficient to have paid any amounts due and owing to date." (Doc. 20 at ¶ 3). Defendants contend that in addition to the $47,333.70 that Defendants have previously paid on the judgment, Plaintiffs have "promised" to apply "target money" to the balance owed under the Agreement, in an amount (stated as "approximately $15,731.00") owed by the Plaintiffs to Rogers Plumbing. (Doc. 18 at 4-5). According to Defendants, they are not behind schedule, but instead are nearly 3 months ahead of the payment schedule specified in the Agreement. (*Id.*).

Finally, with respect to the claim concerning the alleged breach of the Agreement, Defendants assert that Plaintiffs "are enforcing the Post Judgment Agreement in another Court." (*Id*. at 4). Specifically, Defendants refer to "a Writ of Garnishment" in 1:09-cv-748,

regarding Plaintiffs' collection efforts in that case, as evidenced by the judgment debtor exam previously taken before Judge Barrett. (Doc. 18 at 4). Although on June 24, 2011, Judge Barrett denied as moot Plaintiffs' motion for garnishment in Case No. 09-cv-748, he did so without prejudice to refiling "if necessary." (Doc. 37 at 1). Judicial economy requires this Court at the very least to review whether Plaintiffs are pursuing duplicate proceedings in two different cases seeking to obtain the same relief.

### B. Rule 37 Motion

Pursuant to Rule 26, Fed. R. Civ. P., "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except...when authorized by these rules, by stipulation, or by court order." Rule 26(d)(1). Courts considering motions for expedited discovery typically apply a good cause standard. *Lemkin v. Bell's Precision Grinding*, No. 2:08-cv-789, 2009 WL 154731, at *2 (S.D. Ohio June 2, 2009)(additional citation omitted).   In this case, on January 31, 2011 this Court previously found good cause and directed Defendant Rogers Plumbing to expedite production of three months' worth of Contribution Reports for five employees, but only after hearing from Plaintiffs' counsel that Plaintiffs would assist Defendants with compiling the information by providing Defendants with any information in the former employees' possession. The information sought by Defendants was the former employees' time cards, as previously discussed. Plaintiffs now seek entry of default judgment against all three Defendants based upon their alleged failure to comply with the Court's order requiring Defendant Rogers Plumbing to produce the expedited discovery.

Rule 37(b)(2)(A) states, in relevant part:

11

> If a party or a party's officer, director, or managing agent ...fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a),the court where the action is pending may issue further just orders [including] ....(vi) rendering a default judgment against the disobedient party.

See Fed. R. Civ. P. 37(b)(2)(A)(vi). Although the Rule specifically addresses violations of orders "under Rule 26(f), 35, or 37(a)," its language is inclusive enough to encompass all orders directing a party to "provide or permit discovery." Therefore, a party's failure to comply with an order requiring the production of expedited discovery under Rule 26(d)(1) at least arguably is sanctionable under Rule 37.

The facts presented, however, counsel against any sanction. First, while Plaintiffs seek the ultimate sanction against all three Defendants, only Defendant Rogers Plumbing was directed to produce any discovery under the Court's prior order. The Court's January 31 order noted that Rogers Plumbing alone appeared to be responsible for producing the records, as the only signatory to the CBA. The Court's order was cautious in directing that entity to produce the requested records only "to the extent they exist." The reason for that caution is evident from review of the record; Defendant has maintained that no records exist because Defendant lacks the necessary information from the former employees to compile them. No sanction under Rule 37 is warranted given Defendant Roger Plumbing's alleged predicament, much less entry of default judgment against all three Defendants, when two of them were not even directed to produce any discovery in the January 31 Order.

### C. *Sua Sponte* Entry of Default Against Corporate Entities

Defendant Jason Rogers may continue to represent himself, but as the Court explained in its telephonic conference of July 7, 2011, it is well settled that a corporation

12

cannot appear in federal court except through an attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Furthermore, it is insufficient for a person to attempt to represent a corporation as an officer of the corporation. *Reich v. Pierce*, 45 F.3d 431, n.1 (6th Cir. 1994). A lack of resources does not excuse a corporate party's failure to have counsel appear on its behalf. *See NK Beer Wine, Inc. v. United States*, 2009 WL 1874031, *1 (W.D. Mich. June 29, 2009). Thus, courts have consistently declined to waive the rule, "even in cases of severe financial hardship." *See Talasila Inc. v. United States*, 240 F.3d 1064, 1067 (Fed. Cir. 2001). Based on the long-standing rule, Defendants were directed to secure substitute counsel as soon as defense counsel was permitted to withdraw. On July 7, 2011, the Court expressly cautioned Mr. Rogers that the corporate Defendants must secure new counsel not later than July 21, 2011, in order to continue to defend against Plaintiffs' claims.

The July 21 deadline was not unreasonable, given the time that had passed since the withdrawal of corporate counsel. *Compare Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167 (2nd Cir. 2001)(court abused its discretion when it required corporate defendant whose counsel had withdrawn to find new counsel in less than one week). In any event, many more weeks have passed since the expiration of the July 21 deadline, and Defendants have continued to fail to comply with the Court's directive to obtain new counsel. Although the Court does not recommend granting Plaintiffs' motion for judgment on the pleadings, at this juncture the Court has no recourse but to recommend *sua sponte* that the Clerk's Office enter a default against the two corporate Defendants based upon their failure to

13

secure counsel. Entry of default is appropriate whenever a defendant fails "to plead or otherwise defend." *See generally* Rule 55(a); *see also Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996)(corporate defendant was technically in default on date court allowed counsel to withdraw). If this R&R is adopted and the two corporate Defendants remain unwilling and/or unable to obtain counsel, and Plaintiffs move for the entry of a default judgment under Rule 55(b)(2), it is likely that the motion will be granted.

### III. Conclusion and Recommendations

For the reasons discussed above, **IT IS RECOMMENDED THAT:**

1. Plaintiffs' motion for judgment on the pleadings or in the alternative, for default judgment under Rule 37 (Doc. 33) should be **DENIED**;

2. The Court should *sua sponte* re-examine the proceedings in Case No. 09-cv-748-MRB to determine the propriety of jurisdiction and/or of consolidation of proceedings with this case;

3. Assuming the lack of any procedural or jurisdictional bar to ongoing proceedings in this case, the Court should direct the Clerk of Court to enter a default against the two named corporate Defendants, pursuant to Rule 55(a), based upon their failure to secure new counsel;

4. Given the denial of judgment on the pleadings, the unusual procedural history, *pro se* Defendant Jason Rogers' request for mediation, and again assuming the lack of any procedural bar to continued proceedings, the Court should enter a scheduling order or resubmit the matter to the undersigned magistrate judge for further proceedings.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND et al., | Case No. 1:10-cv-721 |
| Plaintiffs, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| KENNETH R. ROGERS PLUMBING AND HEATING COMPANY, INC., et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).