**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND et al., | Case No. 1:10-cv-721 |
| Plaintiffs, | Dlott, J. Bowman, M.J. |
| v. | |
| KENNETH R. ROGERS PLUMBING AND HEATING COMPANY, INC., et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This matter came before the Court for a hearing on damages on February 2, 2012, whereupon the Court heard arguments from Plaintiffs' counsel and Defendant Jason Rogers. Having fully considered the pleadings and the arguments of the parties and the evidence presented at the hearing, the undersigned herein recommends that judgment be entered in favor of Plaintiffs and against Defendant Jason Rogers and Rogers Plumbing in the amount of $138,764.14.

**I. Background**

Plaintiffs initiated this litigation on October 18, 2010, alleging that the three named Defendants: Kenneth R. Rogers Plumbing and Heating Co., Inc. ("Rogers Plumbing"), Rogers Plumbing and Mechanical, LLC ("Rogers Mechanical"), and Jason Rogers have failed to file monthly reports and make contributions to two Trust funds, and to make certain "check-off deductions" as required by the terms of a Collective Bargaining Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2). Plaintiffs further allege that

Defendants are in breach of a post-judgment agreement in related litigation involving the same parties, Civil Action No. 1:09-cv-748-MRB.

The instant case arises directly out of prior litigation in this Court involving the same six Plaintiffs and same two apparently now-defunct corporate entities, Rogers Plumbing and Rogers Mechanical. *See* Case No. 1:09-cv-748-MRB. In the prior case, the parties entered into a stipulated final judgment order on July 8, 2010, ultimately approved and filed by the Court on July 15, 2010. (Doc. 19). The final judgment order, executed by the two corporate entities, declared that the two corporate Defendants were jointly and severally liable for the total sum of $132,905.90, plus any "further relief as the Court may deem just and equitable." (Doc. 19).

Just after executing the stipulated final judgment order, the two corporate entities plus a non-party to Civil Action No. 1:09-cv-748, Jason Rogers, executed a "Post Judgment Agreement" (hereinafter "Agreement"). (Doc. 1).[1] The Agreement provides that the two corporate Defendants plus Jason Rogers, as President of Rogers Plumbing and a Managing Member of Rogers Mechanical, are responsible for payment of the judgment in 1:09-cv-748 by making monthly payments over a two year period, and also requires Defendants to submit monthly Contribution Reports.[2] Plaintiffs assert that Defendants have failed to make payments as required under the Agreement and seek to recover the remaining balance owed under the Agreement.

---

[1] Under Federal Rule of Civil Procedure Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."

[2] The Post-Judgment agreement further provides that Plaintiffs agreed to forgo immediate post-judgement collection activities against Defendants on the agreement that Defendants will make payments in accordance with the terms of the Agreement. (Doc. 1, Ex. 3).

The pertinent procedural history is as follows:[3]

On September 26, 2011, the Clerk entered default as to the corporate defendants Rogers Plumbing and Rogers Mechanical based upon their failure to secure counsel.[4] (Doc. 44); *Doherty v. American Motors Corp.*, 72 F.2d 334, 340 (6th Cir. 1984) (it is well settled that a corporation cannot appear in federal court except through an attorney).

Thereafter, counsel for Plaintiffs and Defendant Rogers appeared before the Court, by telephone, at status conference on October 12, 2011. During the conference, Defendant Rogers did not dispute his liability under the Agreement but questioned the amount of damages owed to Plaintiffs. The parties agreed to discuss the proper amount of damages owed under the Agreement outside the presence of the Court, and the matter was set for an additional status conference on November 9, 2011. (Doc. 46).

At the follow-up conference, the parties informed the Court that they were unable to reach an agreement on damages. As a result, the Court and the parties agreed that the matter should be set for a hearing on damages. (*See* November 9, 2011 Minute Entry).

Counsel for Plaintiffs and Defendant Rogers appeared before the Court for a damages hearing on February 2, 2012, whereupon the parties presented evidence and the Court heard oral arguments from Counsel and Defendant Rogers. (Doc. 50, Plaintiff's Exs. 1-4, Defendant's Ex. 1).

---

[3] The lengthy procedural history of this case is thoroughly outlined in this Court's August 25, 2011 Report and Recommendation. (Doc. 41).

[4] On April 13, 2011, the Court granted defense counsel's motion to withdraw on April 13, 2011. (Doc. 11). Thereafter, Defendant Jason Rogers proceeded *pro se* in this action.

**II. Analysis**

In this case, it is undisputed that Defendants entered into a Post-Judgment Agreement with Plaintiffs in July 2010. (Doc. 20, ¶ 30). Defendants admit that Defendant Rogers is individually liable for all payments due under the Post-Judgment Agreement. It is also undisputed that Defendants failed to make scheduled payments and submit Contribution reports as required under the Agreement. *Id.* at 33.

A district court may, in the exercise of its discretion, grant summary judgment *sua sponte* in "certain limited circumstances," so long as the losing party is "afforded notice and reasonable opportunity to respond to all the issues to be considered by the court." *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000) (internal quotation marks omitted)). Here, Defendant Rogers was given sufficient notice of the damages hearing, appeared at such hearing and presented evidence to the Court in support of his position. However, Defendant Rogers failed to established a genuine issue for trial, as the undisputed facts establish that Plaintiffs are entitled to judgment as a matter of law. Accordingly, the undersigned finds that Judgment should be entered in favor of Plaintiffs and against Defendant Rogers and Defendant Rogers Plumbing for breach of the Post-Judgment Agreement.[5] With respect to the amount recoverable by Plaintiffs' under the Agreement, the following evidence was presented at the hearing:

**A. Post Judgment Agreement**

The Post-Judgement Agreement required two separate lump sum payments of

---

[5] Plaintiffs did not present any evidence of damages attributable to Defendant Rogers Mechanical.

$7,000.00 followed by twenty-four monthly payments of $5,300.17 to pay off the principal balance of $132,905.90 at 6.5% interest. (Doc. 1, Ex. 3). Subsequent to entering in to the Agreement, Plaintiffs presented copies of checks from Defendant Rogers and Rogers Plumbing evidencing that they made the following payments to the Trust Funds to be applied towards the Post-Judgment Agreement:

1. $7,000.00, check number 22727;

2. $7,000.00, check number 22756;

3. $5166.85, check number 22803;

4. $5,316.85, check number 22853;

5. $20,000, check number 11961;

                TOTAL:     $44,483.70.

(Doc. 50, Plaintiffs' Ex. 1).

Subtracting $44,483.70 from $132,905.90 leaves a remaining balance of $88,422.20, plus 6.5% interest as required under the agreement, provides an updated principal balance owed to Plaintiffs of **$91,983.41**.

**B. Contribution Reports and Payments June through October 2010**

The Post-Judgment Agreement also required Defendant Rogers and Rogers Plumbing to submit contribution reports and payments to Plaintiffs for all hours worked in covered employment, and to the Education fund and Industry Fund for all hours paid. For the months of June 2010 through October 2010, Rogers Plumbing incurred the following contribution amounts:

1. $13,343.34 for June 2010 contributions;

2. $7,826.93 for July 2010 contributions;

3. $12.350.25 for August 2010 contributions;

4. $11,670.06 for September 2010 contributions;

5. $6,586.80 for October 2010 contributions;

    TOTAL:  $51,779.38.

During that time period, Rogers Plumbing submitted the following payments:

1. $13,345.34, check number 22761;

2. $7,826.93, check number 22796;

    TOTAL:  $21,172.27.

Subtracting $21,172.27 from $51,779.38 leaves a balance of **$30,607.11** owed to Plaintiffs for unpaid contributions.

### C. Liquidated Damages and Attorney Fees

Section 502(g)(2) of ERISA, and provisions of Collective Bargaining and Trust Agreements provide that employers who fail to submit their monthly contributions on a timely basis are responsible for the payment of liquidated damages equal to 8% of the amount unpaid plus any reasonable attorneys fees and costs incurred in the process of enforcing the delinquent payments. (Doc. 1, Ex. 1, p. 23, 24).

Defendant Rogers and Rogers Plumbing were assessed liquidated damages on the unpaid Contributions from June through August 2010 in the amount of **$2,448.56.**

Additionally, since July 9, 2010, the date of the Post-Judgment Agreement, Plaintiffs have expended **$16,641.64** in attorney's fees and costs as a result Defendants breach of the Agreement.

**D. Target Money**

As of February 1, 2012, Rogers Plumbing had earned $11,095.00 in "target money" pursuant to the E&S Agreement with the Union.[6] (Doc. 50, Plaintiffs' Ex. 2). Plaintiffs presented evidence that **$2,916.58** of such target money may be applied to the amount due by Defendants under the Post-Judgment Agreement for payment of Defendant Rogers outstanding union dues. However, the Union asserts that Defendant Rogers and/or Rogers Plumbing is not entitled to the remaining $8,178.42 because Defendants failed to keep records as required by the E & S Agreement.

Based on the foregoing, the undersigned finds that following amounts remain outstanding under the Post-Judgment Agreement:

1. $91,983.41 principal balance under the Post-Judgment Agreement;

2. $30,607.11 for Contribution payments for August through October 2010;

3. $2,448.56 in liquidated damages;

4. $16,641.64 in attorney's fees and costs;

  TOTAL: $141,680.72.

The undersigned also finds that $2,916.58 of target money owed to Defendant Rogers Plumbing is properly applied to the total balance bringing Defendants Jason Rogers and Rogers Plumbing's total liability under the Post-Judgment Agreement to **138,764.14.**

---

[6] The E&S Participation Agreement outlined the requirements for Contractors to participate in the E&S program in order obtain subsidies/target money under certain circumstances. (Doc. 50, Plaintiffs' Ex. 3).

### III. Conclusion

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that: (1) judgment be entered in favor of Plaintiffs and against Defendant Rogers and Defendant Rogers Plumbing, jointly and severally, on Count II of the Complaint for breach of the Post-Judgment Agreement in the amount of **$138.764.14**; (2) as no further matter remain pending for the Court's review, this case be **CLOSED**.

                                              */s Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BOARD OF TRUSTEES OF THE PLUMBERS,
PIPEFITTERS & MECHANICAL EQUIPMENT
SERVICE, LOCAL UNION NO. 392 PENSION
FUND et al.,

        Plaintiffs,

    v.

KENNETH R. ROGERS PLUMBING AND
HEATING COMPANY, INC., et al.,

        Defendants.

Case No. 1:10-cv-721

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).